■ ANTHONY J. DECINTIO et al., Appellants, v LAWRENCE HOSPITAL et al., Respondents. [753 NYS2d 26] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered April 30, 2001, which, in this action for medical malpractice, granted defendant Dr. Mark Rubin's motion for summary judgment dismissing the complaint and all cross claims as against him, and order, same court and Justice, entered May 2, 2001, which granted the motion by defendants Our Lady of Mercy Medical Center and Dr. Waxman, and the cross motions of the remaining defendants, except Dr. Chang, for dismissal of plaintiffs' fourth and fifth causes of action seeking recovery for plaintiff's emotional distress and loss of earnings, unanimously affirmed, without costs.

In light of plaintiff's failure to offer expert opinion in opposition to the affidavit of Dr. Rubin's expert, establishing Dr. Rubin's prima facie entitlement to judgment as a matter of law, no triable issue was raised and summary judgment dismissing

the complaint as against Dr. Rubin was properly granted (*see Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to plaintiff's argument, denial of Dr. Rubin's summary judgment motion pursuant to CPLR 3212 (f) would not have been appropriate since the court had no basis to conclude that "facts essential to justify opposition may exist."

The motion court, in the order entered May 2, 2001, properly granted defendants' motion to dismiss plaintiff's fourth and fifth causes of action to recover for the emotional distress and loss of earnings plaintiff allegedly suffered by reason of defendants' treatment of the decedent, plaintiff's mother. Defendants, who had no doctor/patient relationship with plaintiff, did not, in connection with their treatment of the decedent, owe, much less breach, any independent duty to plaintiff. Plaintiff's contention that, by virtue of his standing as decedent's health care proxy, a duty of care was owed by defendant doctors to him individually is without merit. Public Health Law article 29-C contains no provision permitting recovery by a health care proxy for his individual emotional or pecuniary damages, and none may be judicially engrafted (*see Patrolmen's Benevolent Assn. v City of New York*, 41 NY2d 205, 208). Plaintiff's assertion that the Public Health Law's provider immunity section was intended to allow recovery for such injuries is unavailing. Indeed, that section states, in relevant part, that no health care provider "shall be subjected to criminal or civil liability, or be deemed to have engaged in unprofessional conduct, for honoring in good faith a health care decision by an agent" (Public Health Law § 2986 [1]). It is, in addition, well established at common law that one may not recover for emotional distress and loss of earnings sustained by reason of having witnessed the serious injury and death of another, whatever the degree of relationship between the witness and the injured party, absent an independent duty owed to the plaintiff, even when such injuries are caused by the defendant's negligence, unless the plaintiff's damages are traceable to having been in the same zone of danger as the injured party (*see Tobin v Grossman*, 24 NY2d 609; *see also Bovsun v Sanperi*, 61 NY2d 219).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Rosenberger, Friedman and Gonzalez, JJ.