SUNSHINE CARE CORP., Doing Business as HEMPSTEAD PARK NURSING HOME, Appellant, v BETTY WARRICK, Respondent. [957 NYS2d 122]—

In an action to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered July 6, 2010, which denied its motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover damages for breach of contract, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Sunshine Care Corp., doing business as Hempstead Park Nursing Home (hereinafter the nursing home), commenced the instant action to recover a balance of $64,616 incurred for the room, board, and skilled nursing services provided to the defendant's now-deceased husband who resided at the nursing home from November 1, 2006, until his discharge on September 21, 2007. In its motion for summary judgment on the complaint, the nursing home argued that the defendant breached the nursing home admission agreement, which she executed as her husband's designated representative and, thus, is liable for the balance owing. The Supreme Court denied the motion, and the nursing home appeals.

Pursuant to the Nursing Home Reform Act, "[w]ith respect to admissions practices, a skilled nursing facility must . . . not require a third party guarantee of payment to the facility as a condition of admission (or expedited admission) to, or continued stay in, the facility" (42 USC § 1395i-3 [c] [5] [A] [ii]). However, with respect to contracts with legal representatives, "[s]ubparagraph (A) (ii) shall not be construed as preventing a facility from requiring an individual, who has legal access to a resident's income or resources available to pay for care in the facility, to sign a contract (without incurring personal financial liability) to provide payment from the resident's income or resources for such care" (42 USC § 1395i- [c] [5] [B] [ii]). Here, the admission

agreement did not require the defendant to guarantee payment for her husband's care as a condition of his admission to, or his continued stay in, the nursing home. The agreement stated, inter alia, that the designated representative agrees to "provide payment from the resident's income or resources *to the extent that he/she has access to such income and resources without the designated representative incurring personal financial liability*" (emphasis added). However, the agreement goes on to state that the designated representative would incur personal liability "if her actions or omissions have caused or contributed to the nonpayment of Facility's fees," and that such actions or omissions included "(i) a failure to utilize the resident's funds to pay for the resident's care at the Facility when the designated representative has control over the resident's funds by way of a Power of Attorney [or] access to joint accounts, [or] (ii) misappropriating the resident's funds." Thus, the defendant could be held personally liable for the cost of the decedent's care if it was shown that she breached the terms of the agreement by impeding the nursing home from collecting its fees from the decedent's funds or resources over which the defendant exercised control (*see Troy Nursing & Rehabilitation Ctr., LLC v Naylor*, 94 AD3d 1353, 1354-1355 [2012]; *Putnam Nursing & Rehabilitation Ctr. v Bowles*, 239 AD2d 479, 481 [1997]).

The nursing home established its prima facie entitlement to judgment as a matter of law on its breach of contract cause of action. The nursing home presented proof that the defendant was given a durable power of attorney on October 5, 2006, prior to her husband's admission to the nursing home on November 1, 2006, which afforded her legal access to, and control of, among other things, her husband's banking, insurance, and retirement benefit transactions. The nursing home also presented the admission agreement, which the defendant admitted she reviewed and signed, and wherein, as noted above, she agreed in her capacity as her husband's designated representative and spouse, to, among other things, pay the cost of care provided by the nursing home from her husband's income and resources beyond that which was covered by Medicare or insurance. The nursing home further proffered the defendant's deposition testimony averring that, at the time of her husband's admission to the nursing home, and at the time of his death, her husband had ample resources to pay the cost of the room and board and care rendered to him by the nursing home. In addition, the nursing home also presented evidence demonstrating that the defendant knew of her obligation to pay under the admission agreement since she made a payment of $10,000 in response to its invoices.

In opposition, the defendant failed to raise a triable issue of fact. The defendant presented an affidavit claiming that, at the time of her husband's admission to the nursing home, he had very few assets, and that the bulk of the money contained within her and her husband's joint bank accounts was contributed by her. However, these claims are contrary to her prior deposition testimony, and we reject them as an attempt to create feigned issues of fact designed to avoid the consequences of the earlier testimony (*see generally Soussi v Gobin*, 87 AD3d 580, 581-582 [2011]; *Vela v Tower Ins. Co. of N.Y.*, 83 AD3d 1050, 1051 [2011]). Moreover, the defendant admitted to expending the bulk of the parties' joint assets while her husband was a resident in the nursing home. Accordingly, the Supreme Court should have granted that branch of the nursing home's motion which was for summary judgment on the cause of action to recover damages for breach of contract.

Under the circumstances of this case, the Supreme Court properly denied that branch of the nursing home's motion which was for summary judgment on its cause of action for an account stated. Mastro, J.P., Balkin, Sgroi and Cohen, JJ., concur.