■ ARLENE RAYMOND, Appellant, v INGA MARCHAND, Respondent. [4 NYS3d 107]—

In an action, inter alia, to recover damages for assault and

battery, slander, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County, (King, J.), dated January 10, 2013, which, following an inquest on the issue of damages, directed an award to the plaintiff of nominal damages in the sum of only $1 on the first cause of action, which was to recover damages for assault and battery, and directed the dismissal of the remaining causes of action.

Ordered that the order is modified, on the facts and in the exercise of discretion, by increasing the award on the first cause of action from the sum of $1 to the sum of $2,500; as so modified, the order is affirmed, with costs to the plaintiff.

Although the sparse proof submitted by the plaintiff indicated that the injuries caused by the assault and battery committed upon her by the defendant were superficial, she was entitled to compensation for those injuries (*see Levine v Abergel*, 127 AD2d 822 [1987]). Based upon the proof submitted, an award of $2,500 constitutes reasonable compensation (*see* CPLR 5501 [c]; *cf. Romaine v Rawson*, 140 F Supp 2d 204, 214 [ND NY 2001]).

However, the Supreme Court properly directed the dismissal of the third cause of action, which was to recover damages for slander, and the fourth cause of action, which was to recover damages for intentional infliction of emotional distress.

As to the cause of action alleging slander, the plaintiff failed to identify exactly who overheard the alleged publication of a defamatory statement. The identity of third persons to whom the allegedly defamatory statements were made or read must be pleaded with specificity, and proven at trial (*see Bell v Slepakoff*, 224 AD2d 567, 568-569 [1996]; *Williams v Varig Brazilian Airlines*, 169 AD2d 434, 436-437 [1991]). As to the cause of action alleging the intentional infliction of emotional distress, the acts committed by the defendant did not rise to the level of extreme and outrageous conduct required to sustain that cause of action (*see Leonard v Reinhardt*, 20 AD3d 510 [2005]).

The plaintiff's remaining contentions are without merit. Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.