# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1362**
**CA 15-00891**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

PRESBYTERIAN HOME FOR CENTRAL NY, INC.,
PLAINTIFF-RESPONDENT-APPELLANT,

V

MEMORANDUM AND ORDER

MICHELLE GOREA THOMPSON, FORMERLY KNOWN AS
MICHELLE GOREA FAGA,
DEFENDANT-APPELLANT-RESPONDENT,
ET AL., DEFENDANTS.

---

RALPH W. FUSCO, UTICA, FOR DEFENDANT-APPELLANT-RESPONDENT.

FELT EVANS, LLP, CLINTON (JAY G. WILLIAMS, III, OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered February 13, 2015. The order, inter alia, granted the motion of plaintiff to compel disclosure, denied the cross motion of defendant Michelle Gorea Thompson, formerly known as Michelle Gorea Faga, for summary judgment, and denied the motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover a balance of $69,713.59 allegedly due for room, board, and nursing services it provided to Vivian Gorea, the now-deceased mother of defendant-appellant-respondent (defendant), between August 1, 2010, and Gorea's death on April 9, 2011. When Gorea was admitted to plaintiff's facility in November 2008, defendant signed, among other things, a "private pay agreement" naming her as Gorea's "responsible party" and obligating her to: (1) pay for Gorea's care from Gorea's resources; (2) not transfer Gorea's assets in a manner that would result in Gorea's ineligibility for Medicaid coverage; and (3) pay for Gorea's care if Medicaid coverage were denied "solely as a result of [defendant's] actions." It is undisputed that, at the time Gorea was admitted to plaintiff's facility, there was approximately $54,000 in a revocable trust owned by Gorea and that defendant was cotrustee of that trust. It is also undisputed that Gorea was found to be ineligible for Medicaid until October 2012 because of over $305,000 in "uncompensated" transfers from her accounts, including from the revocable trust, between July 2006 and January 2009.

After commencing this action, plaintiff moved to compel disclosure from defendant of, inter alia, records relating to the transfers made from the revocable trust.  Defendant cross-moved for summary judgment dismissing the amended complaint against her in her individual capacity and as cotrustee of the revocable trust, contending, among other things, that a "gratuitous" payment of over $133,000 she made to plaintiff in August 2010 more than paid the outstanding account balance sought by plaintiff.  Plaintiff subsequently moved for summary judgment on, inter alia, its cause of action for breach of contract against defendant, individually.  Specifically, plaintiff sought in its motion a determination that defendant breached the private pay agreement when, in her capacity as cotrustee of the revocable trust, she used the $54,000 in the revocable trust at the time of Gorea's admission for purposes other than paying plaintiff, as well as damages in the amount due on Gorea's account.  Supreme Court granted plaintiff's motion to compel disclosure and, upon defendant's stipulation, the court sua sponte granted plaintiff summary judgment against defendant in her capacity as executrix of Gorea's estate.  The court denied the cross motion of defendant and motion of plaintiff for summary judgment.  With respect to the cause of action alleging breach of the private pay agreement, the court found issues of fact whether defendant's August 2010 payment to plaintiff of over $133,000 "effectively reimbursed" plaintiff for the approximately $54,000 that was transferred from the revocable trust after Gorea's admission to plaintiff's facility.  We affirm.

A "responsible party" for a nursing home patient may "be held personally liable for the cost of [a patient's] care if it [is] shown that [he or] she breached the terms of the agreement by impeding the nursing home from collecting its fees from the [patient's] funds or resources over which [he or she] exercised control" (*Sunshine Care Corp. v Warrick*, 100 AD3d 981, 982; *see Troy Nursing & Rehabilitation Ctr., LLC v Naylor*, 94 AD3d 1353, 1354-1356, *lv dismissed* 19 NY3d 1045).  Here, we conclude that plaintiff established its prima facie entitlement to a determination that defendant breached the private pay agreement by demonstrating defendant's control over Gorea's resources, defendant's agreement to pay plaintiff from those resources, and the existence of approximately $54,000 in the revocable trust on the date Gorea was admitted, which could have been, but was not, used to pay plaintiff (*see Sunshine Care Corp.*, 100 AD3d at 982).  The record thus establishes that defendant "accepted personal responsibility to utilize her access to [Gorea's] funds to pay for [Gorea's] care and then breached that agreement by failing to apply available assets to pay [Gorea's] nursing home bills" (*Troy Nursing & Rehabilitation Ctr.*, 94 AD3d at 1354-1355).  We nevertheless conclude that the court properly denied the cross motion and motion with respect to the cause of action for breach of contract.  Although plaintiff established that defendant breached the private pay agreement, neither party eliminated all triable issues of fact with respect to the amount of damages, if any, suffered by plaintiff as a result of defendant's breach.  After breaching the private pay agreement, defendant made a payment to plaintiff of over $133,000 in August 2010, and we conclude that there are issues of fact whether that payment was made "gratuitously," as defendant contends, and compensated plaintiff for any damages flowing

from defendant's breach, or whether uncompensated transfers made by defendant from Gorea's accounts prior to Gorea's admission to plaintiff's facility were the sole cause of Gorea's Medicaid ineligibility.  In the latter case, the private pay agreement would obligate defendant to pay plaintiff the outstanding account balance plaintiff now seeks, notwithstanding the payment made by defendant in August 2010.

Finally, we reject defendant's contention that disclosure with respect to Gorea's accounts has been rendered moot by the entry of a judgment against Gorea's estate.