■ LONG ISLAND CARE CENTER, INC., Respondent-Appellant, v PEARL GOODMAN, Appellant-Respondent. [26 NYS3d 595]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County

(Butler, J.), dated February 5, 2014, as granted those branches of the plaintiff's motion which were pursuant to CPLR 3211 (a) to dismiss her first, fourth, sixth, and eighth counterclaims, and the plaintiff cross-appeals from so much of the same order as denied those branches of its motion which were pursuant to CPLR 3211 (a) to dismiss the defendant's second, fifth, and seventh counterclaims.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the plaintiff's motion which were pursuant to CPLR 3211 (a) to dismiss the second, fifth, and seventh counterclaims are granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, Long Island Care Center, Inc. (hereinafter LICC), a nursing home operator, commenced this action against the defendant, the wife of a former resident of LICC who is now deceased. LICC seeks to hold the defendant liable for the payment of certain bills for services that it provided to her late husband. In her answer to the complaint, the defendant asserted eight counterclaims. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the counterclaims. The Supreme Court granted those branches of the plaintiff's motion which were to dismiss the first, fourth, sixth, and eighth counterclaims, and denied those branches of the motion which were to dismiss the second, fifth, and seventh counterclaims.

The Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defendant's first counterclaim, which sought to recover damages for intentional infliction of emotional distress. To state a cause of action to recover damages for the intentional infliction of emotional distress, the conduct alleged must be so outrageous in character and extreme in degree as to surpass the limits of decency so "as to be regarded as atrocious and intolerable in a civilized society" (*Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985]). Here, the conduct alleged, even if proven, did not rise to that level (*see Raymond v Marchand*, 125 AD3d 835, 836 [2015]; *Leonard v Reinhardt*, 20 AD3d 510 [2005]).

The Supreme Court also properly granted those branches of the plaintiff's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the defendant's fourth, sixth, and eighth counterclaims, sounding in medical malpractice and unlawful confinement. As the Supreme Court correctly found, the defendant, in

her individual capacity, lacked standing to assert such claims on behalf of the decedent (*see Shelley v South Shore Healthcare,* 123 AD3d 797, 798 [2014]; *Jordan v Jordan,* 120 AD3d 632 [2014]).

The second and seventh counterclaims essentially alleged that the plaintiff violated a provision of the federal Nursing Home Reform Act (hereinafter the Act), and that the action was improperly brought against the defendant based on that violation. Pursuant to the Act, "[w]ith respect to admissions practices, a skilled nursing facility must . . . not require a third party guarantee of payment to the facility as a condition of admission (or expedited admission) to, or continued stay in, the facility" (42 USC § 1395i-3 [c] [5] [A] [ii]; *see Sunshine Care Corp. v Warrick,* 100 AD3d 981, 981 [2012]). However, the statute does not "prevent[ ] a facility from requiring an individual, who has legal access to a resident's income or resources available to pay for care in the facility, to sign a contract (without incurring personal financial liability) to provide payment from the resident's income or resources for such care" (42 USC § 1395i-3 [c] [5] [B] [ii]). While a violation of the Act may be properly asserted as an affirmative defense to this action (*see* 42 USC § 1395i-3 [c] [5] [A] [ii]; *cf. Sunshine Care Corp. v Warrick,* 100 AD3d at 981; *Troy Nursing & Rehabilitation Ctr., LLC v Naylor,* 94 AD3d 1353, 1354-1355 [2012]), here, the alleged violation of the Act does not state a counterclaim for affirmative relief, since the Act does not create a private cause of action (*see* 42 USC § 1395i-3 [c] [5] [A] [ii]). Accordingly, those branches of the plaintiff's motion which were to dismiss the second and seventh counterclaims should have been granted.

The fifth counterclaim alleged that LICC failed to properly or timely invoke a health care proxy that was executed by the decedent, naming the defendant as the decedent's health care agent in the event of his incapacity. The defendant lacked standing to assert a claim for relief in this action based on the alleged failure of the plaintiff to properly or timely invoke the proxy (*see generally Caprer v Nussbaum,* 36 AD3d 176, 182 [2006]; *DeCintio v Lawrence Hosp.,* 299 AD2d 165 [2002]). Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was to dismiss the fifth counterclaim as well (*see* Public Health Law § 2983). Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.