Shostack v Lewkowitz (2020 NY Slip Op 05963)





Shostack v Lewkowitz


2020 NY Slip Op 05963


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-06420
 (Index No. 8253/16)

[*1]Dave Shostack, appellant,
v
Cory Lewkowitz, et al., respondents.


Dave Shostack, Commack, NY, appellant pro se.
Kase & Druker, Garden City, NY (James O. Druker and Paula Schwartz Frome of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages pursuant to the Telephone Consumer Protection Act of 1991 (47 USC § 227), the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated April 6, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and denied the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages pursuant to the Telephone Consumer Protection Act of 1991 (47 USC § 227; hereinafter the TCPA). While the complaint alleged that the defendant Cory Lewkowitz engaged in conduct which caused various unrelated third-party entities to make telemarketing telephone calls to the plaintiff, there was no allegation that the defendants initiated or made the subject telemarketing telephone calls, or that the defendants had any relationship with those entities which did make the alleged telemarketing calls (see 47 CFR 64.1200[c][2]; 47 USC § 227[c][3]). Moreover, as to the complaint's allegations that the defendants violated 47 USC § 227(e) by using a "spoof card" to make telephone calls to the plaintiff, we agree with the Supreme Court's determination that 47 USC § 227(e), unlike other sections of the TCPA, did not provide a private right of action (cf. 47 USC § 227[b][3]; [c][5]; [e][5]).
We also agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the cause of action to recover damages for "harassment, aggravation and emotional distress." The conduct alleged, even if proven, was not sufficiently extreme and outrageous to support a cause of action for intentional infliction of emotional distress (see Brunache v MV Transp., Inc., 151 AD3d 1011, 1014; Long Is. Care Ctr., Inc. v Goodman, 137 AD3d 874, 875), nor did the complaint allege the existence of a duty on the part of the defendants to the plaintiff necessary to support a cause of action to recover damages for negligent infliction of emotional distress (see Baumann v Hanover Community Bank, 100 AD3d 814, 816). Moreover, "'New York does not recognize a common-law cause of action to recover damages for harassment'" (Shahid v City of New York, 144 AD3d 1127, 1128, quoting Adeniran v State of New York, 106 [*2]AD3d 844, 845).
The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint. The plaintiff's proposed amendment was palpably insufficient and devoid of merit (see Manko v Gabay, 175 AD3d 488).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court