Savory v Wells Fargo Bank, NA (2022 NY Slip Op 01060)





Savory v Wells Fargo Bank, NA


2022 NY Slip Op 01060


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-08869
 (Index No. 3168/17)

[*1]Victor R. Savory, appellant,
v
Wells Fargo Bank, NA, et al., respondents, et al., defendants.


Victor Savory, named herein as Victor R. Savory, Brooklyn, NY, appellant pro se.
Reed Smith LLP, New York, NY (James N. Faller and Andrew B. Messite of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated May 18, 2018. The order granted the motion of the defendants Wells Fargo Bank, NA, and Mortgage Electronic Registration System, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as barred by the doctrine of collateral estoppel, and, sua sponte, directed the dismissal of the complaint insofar as asserted against the remaining defendants.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendants other than the defendants Wells Fargo Bank, NA, and Mortgage Electronic Registration System is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
On December 8, 2004, the plaintiff, Victor R. Savory, executed a note in the amount of $277,145 in favor of nonparty Alliance Mortgage Banking Corp. (hereinafter Alliance). The note was secured by a mortgage on certain real property in Brooklyn.
On May 5, 2015, the defendant Wells Fargo Bank, NA (hereinafter Wells Fargo), Alliance's successor-in-interest, commenced a foreclosure action against Savory, among others. On December 7, 2017, the Supreme Court entered a judgment of foreclosure and sale in favor of Wells Fargo and against Savory in that action.
On November 22, 2017—shortly before the judgment of foreclosure and sale was entered in the foreclosure action—Savory commenced the instant action, inter alia, to quiet title to the subject property, against Wells Fargo and the defendant Mortgage Electronic Registration System (hereinafter together the Wells Fargo defendants), among others. The complaint also asserted causes [*2]of action alleging fraud, intentional infliction of emotional distress, slander of title, violation of certain federal statutes, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and negligence, and sought declaratory relief and to rescind the loan.
By notice of motion dated February 26, 2018—after the judgment of foreclosure and sale had been entered in the foreclosure action—the Wells Fargo defendants moved, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint in this action insofar as asserted against them on the ground that the judgment of foreclosure and sale entered in the foreclosure action resolved all of the issues raised in the instant complaint. In an order dated May 18, 2018, the Supreme Court granted the Wells Fargo defendants' motion, and, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants. Savory appeals.
"A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913). Here, the issues raised by the plaintiff in this action were or could have been litigated in the foreclosure action, and he is therefore precluded from relitigating them in this action (see id.). Therefore, the Supreme Court properly granted the Wells Fargo defendants' motion to dismiss the complaint insofar as asserted against them, and properly directed dismissal of the complaint insofar as asserted against the remaining defendants.
The parties' remaining contentions are academic in light of the foregoing.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court