D & G Constr. Dean Gonzalez, LLC v Scohn Enters., Inc. (2023 NY Slip Op 02643)

D & G Constr. Dean Gonzalez, LLC v Scohn Enters., Inc.

2023 NY Slip Op 02643

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2019-04004
 (Index No. 613857/18)

[*1]D & G Construction Dean Gonzalez, LLC, etc., et al., appellants, 
v
Scohn Enterprises, Inc., et al., respondents, et al., defendants.

Carol Gray and Associates, P.C., Queens, NY, for appellants.
Brody, O'Connor & O'Connor, New York, NY (Scott A. Brody, sued herein as Scott Brody, pro se of counsel), respondent pro se and for respondents Scohn Enterprises, Inc., Little Dae Enterprise, Inc., Steven Cohn Esq., P.C., and Steven Cohn.
Lynn Gartner Dunne, LLP, Mineola, NY (Robert P. Lynn, Jr., and Kenneth L. Gartner of counsel), for respondents Lynn, Gartner, Dunne and Covello, LLP, and Joseph Covello.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered February 26, 2019. The order granted those branches of the separate motions of the defendants Scohn Enterprises, Inc., Little Dae Enterprise, Inc., Scott Brody, and Brody, O'Connor & O'Connor, the defendants Steve Cohn Esq., P.C., and Steve Cohn, and the defendants Joseph Covello and Lynn, Gartner, Dunne and Covello, LLP, which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them and directed a hearing on the issue of attorneys' fees and costs.
ORDERED that the appeal from so much of the order as directed a hearing on the issue of attorneys' fees and costs is dismissed; and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions of the defendants Scohn Enterprises, Inc., Little Dae Enterprise, Inc., Scott Brody, and Brody, O'Connor & O'Connor and the defendants Steve Cohn Esq., P.C., and Steve Cohn which were pursuant to CPLR 3211(a) to dismiss so much of the seventh cause of action as sought an award of attorneys' fees incurred in the prosecution of this action and so much of the eighth cause of action as alleged conversion of tangible personal property and specific money insofar as asserted against each of them, and substituting therefor provisions denying those branches of the separate motions; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from so much of the order as directed a hearing on the issue of attorneys' fees and costs must be dismissed because the right of direct appeal therefrom terminated with the entry on July 8, 2021, of the judgment awarding attorneys' fees to certain defendants in the action (see Matter of Aho, 39 NY2d 241, 248), and the appeal by the plaintiffs from that judgment was deemed dismissed without further order based on the plaintiffs' failure to perfect the appeal (see Rules of App Div, All Depts [22 NYCRR] § 1250.10[a]). In addition, no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (see Matter of Jasen v Karassik, 101 AD3d 874, 876).
In 2015, D & G Construction Dean Gonzalez, LLC (hereinafter D & G), executed a note in favor of Scohn Enterprises, Inc., in the sum of $450,000. Omar Wala, Sr., and Brian Corriette executed personal guaranties whereby they personally guaranteed payment of all sums due on the note. The note was secured by a mortgage on real property located in Merrick. Scohn Enterprises, Inc., subsequently commenced an action (hereinafter the foreclosure action), inter alia, to foreclose the mortgage against D & G, Wala, and Corriette. The Supreme Court issued an amended judgment of foreclosure and sale in the foreclosure action. Frank Stella purchased the property at the foreclosure sale. Joseph Covello, then a member of the law firm of Lynn, Gartner, Dunne and Covello, LLP, was the referee appointed in the foreclosure action, and conducted the foreclosure sale.
D & G, Wala, and Corriette (hereinafter collectively the plaintiffs) subsequently commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to the subject property against Scohn Enterprises, Inc., Little Dae Enterprise, Inc., Lynn, Gartner, Dunne and Covello, LLP, Brody, O'Connor & O'Connor, Steven Cohn Esq., P.C., Scott Brody, Steven Cohn, Covello, and Stella and his heirs, assigns and or successors in interest. Scohn Enterprises, Inc., Little Dae Enterprise, Inc., Brody, and Brody, O'Connor & O'Connor (hereinafter collectively the Brody defendants) moved, and Cohn and Steve Cohn Esq., P.C. (hereinafter together the Cohn defendants), separately moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. Covello and Lynn, Gartner, Dunne and Covello, LLP also moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. By order entered February 26, 2019, the Supreme Court, inter alia, granted those branches of those defendants' separate motions. The plaintiffs appeal.
The Supreme Court properly determined that the complaint insofar as asserted against Covello and Lynn, Gartner, Dunne and Covello, LLP, was subject to dismissal pursuant to CPLR 3211(a)(7). The factual allegations against those defendants merely asserted conduct by Covello in his official capacity as the referee in the foreclosure action, a role for which he was entitled to protection under the doctrine of judicial immunity (see Lodichand v Kogut, 91 AD3d 608). The complaint thus failed to state a cause of action against those defendants (see id.; Young v Campbell, 87 AD3d 692, 693).
The Supreme Court also properly granted those branches of the motion of the Brody defendants which were pursuant to CPLR 3211(a) to dismiss the first, second, fifth, and thirteenth causes of action insofar as asserted against them, the third cause of action insofar as asserted against Brody, the fourth and fifteenth causes of action asserted against Scohn Enterprises, Inc., and the sixth and twelfth causes of action insofar as asserted against Brody and Brody, O'Connor & O'Connor, and those branches of the motion of the Cohn defendants which were pursuant to CPLR 3211(a) to dismiss the first, second, fifth, sixth, twelfth, and thirteenth causes of action insofar as asserted against them. "Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; Eaddy v US Bank N.A., 180 AD3d 756, 758 [internal quotation marks omitted]). "A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d at 913; see Savory v Wells Fargo Bank, NA, 202 AD3d 1019, 1020). Here, the court correctly determined that the first through sixth, twelfth, thirteenth, and fifteenth causes of action were barred by the doctrine of res judicata. These causes [*2]of action sought, among other relief, a declaratory judgment setting forth the plaintiffs' rights with respect to the subject property, to quiet title to that property, and specific performance. However, the amended judgment of foreclosure and sale was final as to these issues, as they could have been litigated in the foreclosure action (see Savory v Wells Fargo Bank, NA, 202 AD3d at 1020; Eaddy v US Bank N.A., 180 AD3d at 758; Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d at 913).
Further, the Supreme Court properly granted those branches of the separate motions of the Brody defendants and the Cohn defendants which were pursuant to CPLR 3211(a) to dismiss the ninth and tenth causes of action, alleging intentional infliction of emotional distress and negligent infliction of emotional distress, respectively, insofar as asserted against them. The conduct alleged was not sufficiently extreme and outrageous to support a cause of action for intentional infliction of emotional distress (see Shostack v Lewkowitz, 187 AD3d 1086, 1086-1087; Taggart v Costabile, 131 AD3d 243, 249). Additionally, the complaint did not allege that those defendants breached a duty owed to the plaintiffs "which unreasonably endangered [their] physical safety, or caused [them] to fear for [their] own safety" (Chiesa v McGregor, 209 AD3d 963, 966 [internal quotation marks omitted]), so as to support a cause of action sounding in negligent infliction of emotional distress.
The Supreme Court also properly granted those branches of the motion of the Brody defendants which were pursuant to CPLR 3211(a) to dismiss the sixteenth through twenty-first causes of action insofar as asserted Brody and Brody, O'Connor & Connor and those branches of the motion of the Cohn defendants which were pursuant to CPLR 3211(a) to dismiss the sixteenth through twenty-first causes of action insofar as asserted them, since "[t]here is no private right of action against an attorney or law firm for violations of the Code of Professional Responsibility or disciplinary rules" (Feng Li v Shih, 207 AD3d 444, 448 [internal quotation marks omitted]).
However, the Supreme Court should have denied those branches of the separate motions of the Brody defendants and the Cohn defendants which were pursuant to CPLR 3211(a) to dismiss so much of the eighth cause of action as alleged conversion of tangible personal property and specific money insofar as asserted against each of them. Accepting the facts alleged in the complaint as true and according the plaintiffs the benefit of every possible inference (see Leon v Martinez, 84 NY2d 83, 87), the complaint adequately stated a cause of action for conversion of the tangible personal property and specific money referenced in the eighth cause of action insofar as asserted against those defendants.
The Supreme Court also should have denied those branches of the separate motions of the Brody defendants and the Cohn defendants which were pursuant to CPLR 3211(a) to dismiss so much of the seventh cause of action as sought an award of attorneys' fees incurred in the prosecution of this action insofar as asserted against each of them. Although the plaintiffs failed to state a cause of action for an award of attorneys' fees arising from the foreclosure action and prior bankruptcy proceedings, dismissal of so much of the seventh cause of action as sought an award of attorneys' fees allegedly incurred as a result of the alleged malicious acts of the Brody defendants and the Cohn defendants in connection with this action was premature (see generally Matter of John T., 42 AD3d 459, 463).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court