Quarterman v River Manor Corp. (2023 NY Slip Op 04143)

Quarterman v River Manor Corp.

2023 NY Slip Op 04143

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-01218
 (Index No. 511513/21)

[*1]Carolyn Quarterman, etc., respondent,
v
River Manor Corp., etc., appellant.

Kaufman Borgeest & Ryan, LLP, Valhalla, NY (Lisa Fleischmann and Jacqueline Mandell of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant River Manor Corp. appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated February 9, 2022. The order denied the defendant's motion pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County.
ORDERED that the order is affirmed, without costs or disbursements.
Annie McAllen (hereinafter the decedent) was a resident at a residential health care facility located in Kings County and owned by the defendant, River Manor Corp. Following the decedent's death at the facility, the plaintiff, as the proposed administrator of the decedent's estate, commenced this action against the defendant in Kings County, inter alia, to recover damages for wrongful death. With respect to the basis of venue, the complaint stated that Kings County was the plaintiff's residence. After filing an answer, the defendant moved pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County, based on a forum selection clause contained in an admission agreement allegedly executed at the time of the decedent's admission to the facility. The admission agreement was allegedly signed by the decedent's grandaughter, Tabatha Warren, a nonparty to this action. The admission agreement was not signed by either the plaintiff or the decedent. In an order dated February 9, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"In addition to demonstrating the existence and terms of a contractual forum selection clause, the proponent of such a clause must also demonstrate, prima facie, that it is enforceable against the other party" (Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1055 [citation omitted]). "Indeed, a forum selection clause contained in a contract is 'prima facie valid and enforceable,' but only with respect to '[the] parties to [that] contract'" (id. at 1055-1056 [citation omitted], quoting Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534). "Accordingly, unless a recognized exception applies, the 'general rule' is that 'a forum selection clause may not be enforced against a nonsignatory'" (Sherrod v Mount Sinai St. Luke's, 204 AD3d at 1056, quoting Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd., 161 AD3d 714, 714).
However, an admission agreement to a nursing home or residential health care facility may be enforced against a resident where it was properly executed by that resident's "'designated representative'" (Sherrod v Mount Sinai St. Luke's, 204 AD3d at 1056, quoting Sunshine Care Corp. v Warrick, 100 AD3d 981, 982; see 10 NYCRR 415.2[f]). A "designated representative," insofar as is relevant here, is "the individual or individuals designated in accordance with [10 NYCRR 415.2(f)(1)] to receive information and to assist and/or act in behalf of a particular resident to the [*2]extent permitted by State law" (10 NYCRR 415.2[f]). Pursuant to 10 NYCRR 415.2(f)(1), such designation can occur in one of three ways, "(i) by a court of law when the designation of an individual, committee or guardian has been sought; (ii) by the resident if the resident has the capacity to make such designation; or (iii) by family members and other parties who have an interest in the well-being of the resident who, after discussion with the facility, identify the individual or individuals most personally involved in the resident's care, if the resident lacks the capacity to make such designation."
Here, the defendant failed to establish that the forum selection clause contained in the admission agreement was enforceable in this action. The admission agreement was not signed by either the plaintiff or the decedent (see Sherrod v Mount Sinai St. Luke's, 204 AD3d at 1056; cf. Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d 436), and the defendant submitted no evidence to establish that Warren had actually been designated as the decedent's "designated representative" pursuant to any of the criteria set forth in 10 NYCRR 415.2(f) (see Sherrod v Mount Sinai St. Luke's, 204 AD3d at 1056; Sunshine Care Corp. v Warrick, 100 AD3d at 982; cf. Caio v Throgs Neck Rehabilitation & Nursing Ctr., 197 AD3d 1030; Hendricks v Wayne Ctr. for Nursing & Rehabilitation, 194 AD3d 648).
The defendant's contention that the forum selection clause should be enforced on the ground that the decedent was a third-party beneficiary to that agreement is improperly raised for the first time on appeal (see Sherrod v Mount Sinai St. Luke's, 204 AD3d at 1059).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County.
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court