41 Riv. Rd., LLC v Bank of Am., NA (2023 NY Slip Op 04354)

41 Riv. Rd., LLC v Bank of Am., NA

2023 NY Slip Op 04354

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01195
 (Index No. 31657/20)

[*1]41 River Road, LLC, appellant, 
v
Bank of America, NA, et al., respondents.

Cohen LaBarbera & Landrigan, LLP, Chester, NY (Oxana Lukina of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Anthony P. Scali and Ben Z. Raindorf of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated January 8, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In April 2011, Bank of America, NA (hereinafter BANA), commenced an action, inter alia, to foreclose a mortgage encumbering real property located in Rockland County against nonparty David Gross (hereinafter the borrower), among others. While the foreclosure action was pending, in March 2017, the borrower conveyed the subject property for no consideration to 41 River Road, LLC (hereinafter 41 River Road). In February 2018, the Supreme Court entered an order and judgment of foreclosure and sale in favor of BANA, among other things, directing the foreclosure sale of the subject property. U.S. Bank, N.A. (hereinafter U.S. Bank), purchased the property at the foreclosure sale.
In March 2020, 41 River Road commenced this action pursuant to RPAPL 1501 to quiet title to the property against BANA and U.S. Bank. BANA and U.S. Bank moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. In an order dated January 8, 2021, the Supreme Court granted the motion. 41 River Road appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d 860, 861). To maintain a cause of action to quiet title to real property, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative (see Hart 230, Inc. v PennyMac Corp., 194 AD3d 789, 791; Nurse v Rios, 160 AD3d 888, 888). Here, 41 River Road does not dispute the validity of the note and mortgage. Rather, 41 River Road challenges the validity [*2]of the order and judgment of foreclosure and sale with claims that could have been asserted by the borrower in the foreclosure action. These claims are not properly raised by 41 River Road in this action to quiet title (see Wood v Villanueva, 175 AD3d 1465, 1466; Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 884). Accordingly, the complaint fails to state a cause of action, and BANA and U.S. Bank were entitled to dismissal of the complaint pursuant to CPLR 3211(a)(7). The Supreme Court also properly granted dismissal of the complaint pursuant to CPLR 3211(a)(5) (see Savory v Wells Fargo Bank, NA, 202 AD3d 1019, 1020; Tracey v Deutsche Bank Natl. Trust Co., 187 AD3d 815, 817-818).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court