■ JOSEPH MOCKIN et al., Appellants, v ASTORIA FEDERAL SAVINGS AND LOAN, Respondent, and JUDA MOCKIN, Intervenor-Defendant-Respondent. [27 NYS3d 218]—

In an action pursuant to RPAPL article 15 to determine claims to certain real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), entered July 23, 2013, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and denied their cross motion for leave to enter a default judgment pursuant to CPLR 3215.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Joseph Mockin is the son of the intervenor-defendant, Juda Mockin. The plaintiff 513 Properties, Inc. (hereinafter 513), is a corporate entity that owns certain real property in Brooklyn. Since 2002, 513's property has been encumbered by a series of mortgage loans held by the defendant, Astoria Federal Savings and Loan (hereinafter Astoria). Juda, as president of 513, executed the mortgage loans on behalf of 513, which were consolidated into one mortgage obligation against 513's property (hereinafter the Astoria Consolidated Mortgage).

In 2012, the plaintiffs commenced this action pursuant to RPAPL article 15 against Astoria challenging the validity of the Astoria Consolidated Mortgage. The complaint alleged that Joseph and Juda were each 50% shareholders of 513, that Juda did not have the authority to enter into the Astoria Consolidated Mortgage on behalf of 513 without Joseph's authorization, and that Juda never obtained Joseph's authorization. On that basis, the plaintiffs sought fee simple title to 513's property free and clear of the Astoria Consolidated Mortgage. By assignment dated February 11, 2013, Astoria assigned the Astoria Consolidated Mortgage to 5 Boros Lender, LLC (hereinafter 5 Boros). By stipulation dated February 13, 2013, the plaintiff and Astoria agreed to extend Astoria's time to answer or otherwise respond to the complaint up to and includ-

ing April 5, 2013. On April 4, 2013, Astoria moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), although the notice of motion stated that the motion was made by "[5 Boros] as assignee of Astoria." The plaintiffs opposed the motion, contending that the motion was a nullity, as it was made by nonparty 5 Boros. Additionally, the plaintiffs cross-moved for leave to enter a default judgment against Astoria, since the time for Astoria to answer or otherwise respond to the complaint had expired. The Supreme Court found that the motion was made by Astoria, granted Astoria's motion, and denied the plaintiffs' cross motion.

Contrary to the plaintiffs' contentions, the Supreme Court properly determined that the motion to dismiss was made by Astoria, and not by nonparty 5 Boros. Although the notice of motion indicated that the motion was made by "[5 Boros] as assignee of Astoria," the reply papers in support of the motion expressly stated that it was made on behalf of Astoria. Moreover, as no substantial right of any party was prejudiced by the mistake in the notice of motion, the Supreme Court properly disregarded the mistake and determined the motion on the merits (*see* CPLR 2001). Since Astoria's motion to dismiss was made before its time to answer or otherwise respond to the complaint expired, the Supreme Court also properly denied the plaintiffs' cross motion for leave to enter a default judgment.

Dismissal pursuant to CPLR 3211 (a) (1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiff's factual allegations and conclusively disposes of the plaintiff's claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Held v Kaufman*, 91 NY2d 425, 430-431 [1998]; *Parekh v Cain*, 96 AD3d 812, 815 [2012]; *Sato Constr. Co., Inc. v 17 & 24 Corp.*, 92 AD3d 934, 935-936 [2012]).

Here, Astoria's submission of 513's corporate documents, which Juda presented at the closings on the mortgage loans and authorized Juda, as 513's president, to act on behalf of 513 with regard to those transactions, utterly refuted the plaintiffs' allegation that Juda lacked actual authority to mortgage 513's property. Accordingly, the Supreme Court properly granted dismissal of the complaint pursuant to CPLR 3211 (a) (1).

Juda's request for certain affirmative relief is not properly before this Court (*see Liberty Mut. Fire Ins. Co. v National Cas. Co.*, 90 AD3d 859, 861 [2011]; *Piquette v City of New York*, 4 AD3d 402, 404 [2004]). Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.