■ MARY CIRALDO, Appellant, v JP MORGAN CHASE BANK, N.A., Respondent, et al., Defendant. [34 NYS3d 113]—

In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated August 8, 2013, which granted the motion of the defendant JP Morgan Chase Bank, N.A., pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was the owner of the subject premises. In 2004, the mortgage on the premises was assigned to Washington Mutual Bank, F.A. (hereinafter Washington Mutual). In February 2008, Washington Mutual commenced an action to foreclose the mortgage against, among others, the plaintiff. A judgment of foreclosure and sale was entered on September 4, 2008. About three weeks later, after Washington Mutual had entered receivership by the Federal Deposit Insurance Corporation (hereinafter the FDIC), the defendant JP Morgan Chase Bank, N.A. (hereinafter JP Morgan), and the FDIC entered into a purchase and assumption agreement, pursuant to which JP Morgan acquired all of Washington Mutual's loans and loan commitments (*see JP Morgan Chase Bank, N.A. v Schott*, 130 AD3d 875 [2015]; *JP Morgan Chase Bank, N.A. v Russo*, 121 AD3d 1048 [2014]). Thereafter, on two occasions, the plaintiff unsuccessfully moved to vacate the judgment of foreclosure

and sale. The plaintiff then commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to the premises.

The Supreme Court properly granted JP Morgan's motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it. The court correctly found that this action was barred by the doctrine of res judicata, and therefore, the amended complaint was subject to dismissal insofar as asserted against JP Morgan pursuant to CPLR 3211 (a) (5). Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party (*see Djoganopoulos v Polkes*, 67 AD3d 726 [2009]; *Sclafani v Story Book Homes*, 294 AD2d 559 [2002]). A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action (*see SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d 674 [2015]; *Dupps v Betancourt*, 121 AD3d 746 [2014]; *TD Bank, N.A. v Talia Props., Inc.*, 110 AD3d 1057 [2013]). The issues raised by the plaintiff in this action were or could have been litigated in the foreclosure action, and she is therefore precluded from relitigating them in an action pursuant to RPAPL article 15. JP Morgan was in privity with Washington Mutual as its successor in interest (*see Watts v Swiss Bank Corp.*, 27 NY2d 270, 277 [1970]).

In any event, JP Morgan established that it had a defense founded upon documentary evidence which refuted the plaintiff's factual allegations and conclusively disposed of the plaintiff's causes of action as a matter of law (*see* CPLR 3211 [a] [1]; *Mockin v Astoria Fed. Sav. & Loan*, 137 AD3d 984 [2016]; *Mitkowski v Marceda*, 133 AD3d 574 [2015]).

In light of our determination, we need not reach the parties' remaining contentions. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.