Quality Health Supply Corp. v Hertz Co. (2020 NY Slip Op 50996(U))

[*1]

Quality Health Supply Corp. v Hertz Co.

2020 NY Slip Op 50996(U) [68 Misc 3d 131(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1968 K C

Quality Health Supply Corp., as Assignee of
Tassy, Max, Appellant, 
against
Hertz Co., Respondent. 

The Rybak Firm, PLLC (Damin Toell and Karina Barska of counsel), for appellant.
Rubin, Fiorella, Friedman & Mercante, LLP (Deena Khalifa Sarah Cohenson of counsel),
for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F.
Campanelli, J.), entered February 6, 2018. The order granted defendant's motion to amend the
pleadings and to dismiss the complaint on the ground of res judicata, and denied plaintiff's cross
motion for summary judgment.

ORDERED that the order is modified by providing that defendant's motion seeking to amend
the pleadings and to dismiss the complaint on the ground of res judicata is denied; as so
modified, the order is affirmed, without costs.
Plaintiff Quality Health Supply Corp. (Quality Health) commenced this action against "Hertz
Co." to recover assigned first-party no-fault benefits for services provided to plaintiff's assignor,
who had allegedly been injured in an accident on July 7, 2015. Prior to the commencement of
this action, "Hertz Vehicles, LLC" had brought a declaratory judgment action in the Supreme
Court, New York County, against Quality Health and its assignor herein, among other parties,
pertaining to the July 7, 2015 accident, and had moved in the Supreme Court for a default
judgment against Quality Health and its assignor. In an order entered August 4, 2016, the
Supreme Court, upon granting an unopposed motion by Hertz Vehicles, LLC, declared that Hertz
Vehicles, LLC was not obligated to pay claims for reimbursement submitted by Quality Health
and its assignor. Hertz Co. thereafter moved in the Civil Court for an order pursuant to CPLR
3025 (c), "amending the named defendant in this action to the proper party, 'Hertz Vehicles,
LLC.' " Relying upon the Supreme Court's order, Hertz Co. sought the further relief in the Civil
Court of dismissing the complaint on the ground that the present action is barred by the doctrine
of res judicata. Plaintiff cross-moved for summary judgment and opposed defendant's motion.
Plaintiff appeals from an order of the Civil Court entered February 6, 2018 which granted
defendant's motion and denied plaintiff's cross motion.
CPLR 3025 (c) provides that "the court may permit pleadings to be amended before or [*2]after judgment to conform them to the evidence." Upon a review of
the record, we find that the Civil Court improperly exercised its discretion in granting the branch
of defendant's motion seeking to amend the pleadings, as defendant failed to proffer any evidence
to support the conclusory statement by its claim representative that Hertz Vehicles, LLC is "the
proper party." Defendant also sought an order dismissing the complaint on the ground of res
judicata. "Under the doctrine of res judicata, a final adjudication of a claim on the merits
precludes relitigation of that claim and all claims arising out of the same transaction or series of
transactions" (Ciraldo v JP Morgan
Chase Bank, N.A., 140 AD3d 912, 913 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel
Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). In the case at bar, as defendant
failed to establish that plaintiff had sued the wrong party, there is no demonstration that there had
been "a final adjudication of [the present claims] on the merits" (Ciraldo, 140 AD3d at
913; Matter of Hunter, 4 NY3d
260; Schuylkill Fuel Corp., 50 NY 304) in the Supreme Court, and, thus, there is no
basis for preclusion, under the doctrine of res judicata, of the Civil Court action against Hertz Co.
Consequently, Hertz Co.'s motion should have been denied.
With respect to plaintiff's cross motion for summary judgment, contrary to plaintiff's
contention, plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as
the proof submitted in support of its motion failed to establish either that the claims at issue had
not been timely denied or that defendant had issued timely denial of claim forms that were
conclusory, vague or without merit as a matter of law (see Insurance Law § 5106
[a]; Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co.,
32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2011]).
Accordingly, the order is modified by providing that Hertz Co.'s motion to amend the
pleadings and to dismiss the complaint on the ground of res judicata is denied.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020