First Care Med. Equip., LLC v Encompass Ins. (2021 NY Slip Op 50326(U))

[*1]

First Care Med. Equip., LLC v Encompass Ins.

2021 NY Slip Op 50326(U) [71 Misc 3d 132(A)]

Decided on April 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-904 K C

First Care Medical Equipment, LLC, as
Assignee of Brooks, Sophia, Respondent,
against
Encompass Insurance, Appellant. 

Bruno, Gerbino. Soriano & Aitken, LLP (Nathan M. Shapiro and Susan Eisner of counsel),
for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered April 5, 2019. The order, insofar as appealed from and as limited by the
brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
First Care Medical Equipment, LLC (First Care) commenced this action against Encompass
Insurance (Encompass) to recover assigned first-party no-fault benefits for supplies which had
been provided to Sophia Brooks, who was allegedly injured in an accident on August 4, 2014.
Before First Care commenced this action, Encompass had commenced a declaratory judgment
action in the Supreme Court, New York County, against First Care, among other providers,
alleging, insofar as is relevant, that First Care had failed to appear for duly scheduled
examinations under oath. Sophia Brooks was not a named defendant in the declaratory judgment
action. After the providers failed to appear in the Supreme Court action, Encompass moved in
the Supreme Court for a default judgment. The Supreme Court issued a declaratory judgment,
dated April 3, 2018, declaring that Encompass is "not obligated to provide any coverage,
reimbursements or pay any invoices, sums or funds to First Care . . . for any and all no-fault
related services for which claims/bills have been or may in the future by submitted by [First
Care] to [Encompass] for which an Examination Under Oath of . . . First Care . . . was requested
and . . . First Care . . . failed to appear."
Thereafter, Encompass moved in the Civil Court for summary judgment dismissing First
Care's complaint, contending that the Civil Court action is barred by the declaratory judgment.
First Care opposed the motion and cross-moved for summary judgment. By order entered April
5, 2019, insofar as relevant to this appeal, the Civil Court denied defendant's motion.
The doctrine of res judicata, or claim preclusion, may be invoked where a party seeks to
[*2]relitigate a disposition on the merits of claims or causes of
action arising out of the same transaction which had been raised or could have been raised in the
prior litigation by a party or those in privity with a party (see Matter of Hunter, 4 NY3d 260 [2005]; Schuylkill Fuel
Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Ciraldo v JP Morgan Chase Bank,
N.A., 140 AD3d 912 [2016]; New Millennium Med. Imaging, P.C. v American Tr. Ins. Co., 50 Misc
3d 145[A], 2016 NY Slip Op 50259[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]). As the Civil Court correctly found, defendant failed to establish that the services at issue
are ones for which an EUO had been timely requested and plaintiff failed to appear.
Consequently, defendant did not meet its burden of demonstrating that this action is barred by res
judicata based on the declaratory judgment, and, thus, its motion was properly denied.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2021