Parisien v Kemper Ins. Co. (2022 NY Slip Op 22260)

Parisien v Kemper Ins. Co.

2022 NY Slip Op 22260 [76 Misc 3d 18]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 26, 2022

[*1]

Jules Francois Parisien, M.D., as Assignee of Jeremy Jagdeo, Appellant,
v
Kemper Insurance Company, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, July 22, 2022

APPEARANCES OF COUNSEL

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel) for appellant.
Gullo & Associates, LLC (Kristina O'Shea of counsel) for respondent.

{**76 Misc 3d at 19} OPINION OF THE COURT

Memorandum.

Ordered that the order is affirmed, with $25 costs.
Jules Francois Parisien, M.D., commenced this action against Kemper Insurance Company to recover assigned first-party no-fault benefits for medical services provided to his assignor, Jeremy Jagdeo, as a result of injuries Jagdeo allegedly sustained in an automobile accident on June 17, 2013. In its answer to the complaint, dated April 21, 2016, defendant identified itself as Unitrin Advantage Insurance Company (Unitrin). Before Parisien commenced this action, a declaratory judgment action had been commenced in Supreme Court, New York County, by Unitrin against Parisien, eight other providers, and the assignor herein, Jagdeo, alleging that Jagdeo had breached the terms of the insurance policy in question by failing to appear for duly scheduled independent medical examinations. Parisien appeared and interposed an answer in the declaratory judgment action. In an order entered September{**76 Misc 3d at 20} 11, 2017, the Supreme Court, upon granting an unopposed motion by Unitrin for summary judgment, declared [*2]that Parisien and five other providers were "not entitled to no-fault coverage for the motor vehicle accident that occurred on June 17, 2013 involving Jeremy Jagdeo."
Plaintiff moved in the Civil Court for summary judgment, and defendant cross-moved for, in effect, summary judgment dismissing the complaint on the ground that the instant action is barred by virtue of the order in the declaratory judgment action. By order entered August 10, 2021, the Civil Court denied plaintiff's motion and granted defendant's cross motion.
Collateral estoppel, or issue preclusion, precludes a party from relitigating an issue where "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]; Manko v Gabay, 175 AD3d 484 [2019]). While "[a]n issue is not actually litigated if, for example, there has been a default" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]), " 'collateral estoppel may be properly applied to default judgments where the party against whom preclusion is sought appears in the prior action, yet willfully and deliberately refuses to participate in those litigation proceedings, or abandons them, despite a full and fair opportunity to do so' " (Miller v Falco, 170 AD3d 707, 709 [2019], quoting Matter of Abady, 22 AD3d 71, 85 [2005]). The party seeking to rely on collateral estoppel has the burden of establishing that the issue actually litigated and determined in the prior action is identical to the issue on which preclusion is sought (see Forcino v Miele, 122 AD2d 191, 193 [1986]; Triboro Quality Med. Supply, Inc. v State Farm Mut. Auto. Ins. Co., 36 Misc 3d 131[A], 2012 NY Slip Op 51289[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). The party attempting to defeat the application of collateral estoppel has the burden of establishing the absence of a full and fair opportunity to litigate (see D'Arata, 76 NY2d at 664; Uptodate Med. Servs., P.C. v State Farm Mut. Auto. Ins. Co., 23 Misc 3d 42, 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Here, defendant established that the issue of whether plaintiff was entitled to receive no-fault benefits in connection with the June 17, 2013 accident involving Jagdeo was identical{**76 Misc 3d at 21} to the issue previously decided in the declaratory judgment action. The order in the declaratory judgment action indicates that Jagdeo was not entitled to receive no-fault benefits without regard to who the provider might be. Although plaintiff herein did not submit opposition to the motion giving rise to the order in the declaratory judgment action, he did appear and answer the complaint in that action. Therefore, plaintiff failed to establish that he did not receive a full and fair opportunity to litigate in the declaratory judgment action (see Reid v Reid, 198 AD3d 993, 994 [2021]; Miller, 170 AD3d at 709; David v State of New York, 157 AD3d 764, 765-766 [2018]; Matter of Abady, 22 AD3d at 85). Thus, defendant was entitled to summary judgment dismissing the complaint on the ground of collateral estoppel.
We reject plaintiff's argument that defendant was required to establish privity between itself and Unitrin in order for the Civil Court complaint to be dismissed based upon the order in the declaratory judgment action. Privity between the party seeking to invoke the doctrine and a party to the prior action is an element of res judicata (see Matter of Hunter, 4 NY3d 260, 269[*3][2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304 [1929]), not collateral estoppel (see B. R. DeWitt, Inc. v Hall, 19 NY2d 141, 147-148 [1967]; Windowizards, Inc. v S & S Improvements, Inc., 11 Misc 3d 128[A], 2006 NY Slip Op 50310[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). We note that the Civil Court, in granting defendant's cross motion, did not specifically rely on res judicata.
We further note that, while defendant failed to raise the affirmative defense of collateral estoppel in its April 21, 2016 answer, defendant had no basis to assert that defense before September 11, 2017, when the order in the declaratory judgment action was entered (see Metro Health Prods., Inc. v Nationwide Ins., 52 Misc 3d 138[A], 2016 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). While the better practice would have been for defendant to move to amend its answer after September 11, 2017, we deem defendant's answer amended to assert the affirmative defense of collateral estoppel (see Barrett v Kasco Constr. Co., 84 AD2d 555, 556 [1981], affd 56 NY2d 830 [1982]; Active Chiropractic, P.C. v Allstate Ins., 58 Misc 3d 156[A], 2018 NY Slip Op 50201[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). {**76 Misc 3d at 22}In any event, "an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party" (Sullivan v American Airlines, Inc., 80 AD3d 600, 602 [2011]; see Renelique, 2016 NY Slip Op 50096[U]).
Accordingly, the order is affirmed.
Weston, J.P., Golia and Buggs, JJ., concur.