Parisien v Kemper Ins. Co. (2022 NY Slip Op 51240(U))

[*1]

Parisien v Kemper Ins. Co.

2022 NY Slip Op 51240(U) [77 Misc 3d 132(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-716 K C

Jules Francois Parisien, M.D., as
Assignee of David, Joshua, Appellant, 
against
Kemper Insurance Company and Unitrin Direct Insurance
Company, Respondents. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Goldberg, Miller & Rubin, P.C. (Lindsay A. Padover of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Matthew P. Blum, J.), dated October 13, 2021. The order granted a motion by defendant
Unitrin Direct Insurance Company for summary judgment dismissing the complaint in its
entirety and denied plaintiff's cross motion for summary judgment.

ORDERED that, on the court's own motion, the caption is amended to reflect the
addition of Unitrin Direct Insurance Company as a party defendant, and the caption has
been amended accordingly, and it is further,
ORDERED that the order is affirmed, with $25 costs.
Jules Francois Parisien, M.D., commenced this action against Kemper Insurance
Company (Kemper) to recover assigned first-party no-fault benefits for services provided
to Parisien's assignor, Joshua David, who had allegedly been injured in an accident on
October 25, 2016. Unitrin Direct Insurance Company (Unitrin) appeared in the action by
serving and filing an answer in which it characterized itself as having been incorrectly
sued as Kemper, thereby agreeing that the allegations in the complaint were properly
asserted against it. 
After the commencement of this action, Unitrin brought a declaratory judgment
action in Supreme Court, New York County, against Parisien and David, among other
parties, pertaining to the October 25, 2016 accident, and moved therein for summary
judgment against Parisien, among other providers. In an order entered May 11, 2020,
upon granting Unitrin's motion for summary judgment against Parisien and other
providers with respect to David, the Supreme Court declared that, because of David's
failure to comply with a condition precedent, Unitrin was not obligated to pay claims for
reimbursement submitted by Parisien for services provided to David in connection with
the October 25, 2016 accident. Unitrin thereafter moved in the Civil Court to dismiss the
complaint "[p]ursuant to CPLR 3211 (a) (5) and 3212 . . . on the ground that plaintiff's
claim is barred by [the] doctrine of res judicata" based upon the Supreme Court order.
Unitrin's attorney also alleged in an affirmation in support of the motion that "plaintiff
sued a non-existent entity, 'Kemper Casualty Insurance Company,' when the proper
insurer is [Unitrin]," relying on an attached police report, and that "[o]n that basis alone"
the complaint should be dismissed. Plaintiff cross-moved for summary judgment and
opposed Unitrin's motion. By order dated October 13, 2021, the Civil Court granted
Unitrin's motion to dismiss the complaint, finding that Unitrin was "the proper defendant
in this action," thereby, in effect, dismissing the complaint insofar as asserted against
Kemper, and finding that the action, insofar as asserted against Unitrin based upon its
answering the complaint, was barred by res judicata. The court further denied plaintiff's
cross motion.
Since Unitrin voluntarily appeared in the action and the Civil Court accepted Unitrin
Direct Insurance Company as "the proper defendant in this action," but the caption was
not amended accordingly, on the court's own motion, we amend the caption to reflect the
addition of Unitrin Direct Insurance Company as a party defendant.
On appeal, the only issue raised by plaintiff with respect to so much of the Civil
Court's order as granted Unitrin's motion is whether the May 11, 2020 Supreme Court
order should have res judicata effect on this action, thereby warranting the dismissal of
the complaint. Upon a review of the record, we find that the Civil Court did not
improvidently exercise its discretion in determining that Unitrin was the proper
defendant, as Unitrin proffered sufficient evidence to support its contention that it is "the
proper insurer" (cf. Quality
Health Supply Corp. v Hertz Co., 68 Misc 3d 131[A], 2020 NY Slip Op
50996[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
"Under the doctrine of res judicata, a final adjudication of a claim on the merits
precludes relitigation of that claim and all claims arising out of the same transaction or
series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank,
N.A., 140 AD3d 912, 913 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005];
Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]).
Because Unitrin is the proper defendant in this action, the Civil Court correctly granted
its motion, as any judgment in favor of plaintiff in this action would destroy or impair
rights or interests established by the order in the [*2]declaratory judgment action (see Schuylkill Fuel
Corp., 250 NY at 306-307; Flushing Traditional Acupuncture, P.C. v Kemper
Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d
1, 2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
We reach no other issue.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2022