Parisien v Zipcar (2022 NY Slip Op 51245(U))

[*1]

Parisien v Zipcar

2022 NY Slip Op 51245(U) [77 Misc 3d 132(A)]

Decided on November 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-573 K C

Jules Francois Parisien, M.D., as
Assignee of Taylor, Shaniqua, Respondent,
against
Zipcar c/o Corporation Service Co., Appellant.

Rubin, Fiorella, Friedman & Mercante, LLP (Deena Khalifa of counsel), for
appellant.
The Rybak Firm, PLLC (Maksim Leyvi and Richard Rozhik of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Odessa Kennedy, J.; op 73 Misc 3d 255 [2021]), dated August 13, 2021. The order
denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action in January of 2018 to recover assigned first-party
no-fault benefits for services he provided to his assignor in August of 2017 as a result of
a motor vehicle accident that occurred on June 30, 2017. After issue was joined,
defendant moved for summary judgment on the ground that the action is barred by the
doctrines of res judicata and collateral estoppel as a result of an "order and judgment"
(declaratory judgment order) issued by the Supreme Court, New York County (Gerald
Lebovits, J.), on February 21, 2017, which found that no-fault actions that had been
commenced by plaintiff herein as a result of an accident on November 7, 2013 were
permanently barred because, among other things, plaintiff herein engaged in "improper
splitting of fees." A motion to vacate the declaratory judgment order was denied by order
of the Supreme Court (Gerald Lebovits, J.) dated December 19, 2017. That order was
affirmed by the Appellate Division, First Department, on June 6, 2019 (Budget Truck Rental, LLC v
Mollo, 173 AD3d 439 [2019]).
In an order dated August 13, 2021, the Civil Court (Odessa Kennedy, J.) denied
defendant's summary judgment motion, finding that neither the doctrine of res judicata
nor collateral estoppel was applicable here and that the declaratory judgment order did
not permanently bar plaintiff from ever seeking assigned first-party no-fault
benefits.
The Civil Court properly refused to apply the declaratory judgment order beyond its
explicit purview so as to include future actions (see Active Care Med. Supply Corp. v Titan Ins.Co., 66 Misc 3d
144[A], 2020 NY Slip Op 50183[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2020]). Moreover, neither res judicata nor collateral estoppel is applicable here,
where the declaratory judgment order concerned a different accident from the one in the
case at bar and any judgment in favor of plaintiff in the present action would not destroy
or impair the rights or interests established by the declaratory judgment order (see
Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014
NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). In
view of the foregoing, we find that the Civil Court properly denied defendant's
motion.
Accordingly, the order is affirmed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 25,
2022