Healthwise Med. Assoc., P.C. v Nationwide Ins. (2022 NY Slip Op
51251(U))

[*1]

Healthwise Med. Assoc., P.C. v Nationwide Ins.

2022 NY Slip Op 51251(U) [77 Misc 3d 133(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-717 K C

Healthwise Medical Associates,
P.C., as Assignee of Rosa, Reynaldo, Appellant,
against
Nationwide Ins. and Harleysville Worcester Insurance
Company, Respondents. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Odessa Kennedy, J.), dated October 7, 2021. The order granted defendant's motion for,
in effect, summary judgment dismissing the complaint, denied plaintiff's cross motion for
summary judgment, and denied, as moot, plaintiff's separate motion to dismiss the
affirmative defenses.

ORDERED that, on the court's own motion, the caption is amended to reflect the
addition of Harleysville Worcester Insurance Company as a party defendant, and the
caption has been amended accordingly; and it is further,
ORDERED that the order is affirmed, with $25 costs.
Healthwise Medical Associates, P.C. (Healthwise) commenced this action against
defendant Nationwide Ins. (Nationwide) to recover assigned first-party no-fault benefits
for medical services provided to its assignor, Reynaldo Rosa, as a result of injuries Rosa
allegedly sustained in an automobile accident on July 6, 2016, under claim number
655439-GD. Harleysville Worcester Insurance Company (Harleysville) appeared in the
action by serving and filing an answer in which it characterized itself as having been
incorrectly sued as Nationwide, thereby agreeing that the allegations in the complaint
were properly asserted against it.
Before Healthwise commenced this action, Harleysville had commenced a
declaratory judgment action in Supreme Court, Nassau County, against Healthwise,
among other providers, and its assignor, Rosa, alleging that Harleysville had no duty to
pay no-fault benefits to the named defendants therein, as Rosa was not an eligible injured
person pursuant to the no-fault regulations, and, thus, not covered under the insurance
policy. In an order dated June 20, 2018 and entered August 29, 2018, the Supreme Court,
upon defaults in appearing in the action by, insofar as is relevant here, both Rosa and
Healthwise, granted an unopposed motion by Harleysville for summary judgment,
declared "that Harleysville is not required to provide insurance coverage to [Rosa and
Healthwise] for any claims arising out of the date of loss of July 6, 2016, Nationwide
claim number 655439-GD."
Harleysville thereafter moved in the Civil Court for, in effect, summary judgment
dismissing the complaint on the ground that the instant action is barred by virtue of the
order in the declaratory judgment action. Healthwise cross-moved for summary judgment
and to dismiss Harleysville's affirmative defenses. Healthwise also separately moved to
dismiss Harleysville's affirmative defenses. By order dated October 7, 2021, the Civil
Court granted Harleysville's motion, denied Healthwise's cross motion for summary
judgment, and also denied, as moot, Healthwise's separate motion to dismiss the
affirmative defenses. The court stated,
"Defendant has presented the Declaratory Judgment Order of the Supreme
Court, County of Nassau, dated June 20, 2018, under Index Number 611998/2017, which
declared that HARLEYSVILLE, a subsidiary company of NATIONWIDE and the
underwriter of the subject policy of insurance, has no obligation to provide No-Fault
reimbursement to Plaintiff with regard to the claims under NATIONWIDE claim number
655439-GD and the date of accident of July 6, 2016, at
issue."
Since Harleysville voluntarily appeared in this action and
the Civil Court treated Harleysville Worcester Insurance Company as a proper defendant
but the caption was not amended accordingly, on the court's own motion, we amend the
caption to reflect the addition of Harleysville Worcester Insurance Company as a party
defendant.
On appeal, the only issue raised by Healthwise with respect to so much of the Civil
Court's order as granted Harleyville's motion is whether the Supreme Court order entered
August 29, 2018 should have res judicata effect on this action, thereby warranting the
dismissal of the complaint herein. "Under the doctrine of res judicata, a final adjudication
of a claim on the merits precludes relitigation of that claim and all claims arising out of
the same transaction or series of transactions by a party or those in privity with a party"
(Ciraldo v JP Morgan Chase
Bank, N.A., 140 AD3d 912, 913 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005];
Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]).
Upon a review of the record, we find that the Civil Court did not improvidently exercise
its discretion in determining that Harleysville's declaratory judgment order has res
judicata effect on this action, as Harleysville proffered sufficient evidence to support its
contention that it is "the proper insurer" (cf. Quality Health Supply Corp. v Hertz Co., 68 Misc 3d
131[A],[U] [App Term, 2d [*2]Dept, 2d, 11th
& 13th Jud Dists 2020]). Under the circumstances presented, the Civil Court
correctly granted Harleysville's motion and, in effect, dismissed the complaint in its
entirety, as any judgment in favor of Healthwise in this action would destroy or impair
rights or interests established by the order in the declaratory judgment action (see
Schuylkill Fuel Corp., 250 NY at 306-307; Flushing Traditional Acupuncture,
P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C. v
Republic W. Ins., 38 Misc 3d 1, 2 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2012]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022