Blano Med., P.C. v Hertz Co. (2023 NY Slip Op 51406(U))

[*1]

Blano Med., P.C. v Hertz Co.

2023 NY Slip Op 51406(U)

Decided on December 15, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 15, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, PHILLIP HOM, JJ

2023-66 K C

Blano Medical, P.C., as Assignee of Duclair, Joel, Appellant, 
against
Hertz Co., Respondent. 

The Rybak Firm, PLLC (Oleg Rybak and Richard Rozhik of counsel), for appellant.
Rubin, Fiorella, Friedman & Mercante, LLP (Micahel Philippou of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Keisha Alleyne, J.), entered June 14, 2022. The order granted defendant's motion to amend the pleadings and to dismiss the complaint on the grounds of res judicata and statute of limitations, and, in effect, denied plaintiff's cross-motion for summary judgment.

ORDERED that the order is modified by providing that defendant's motion to amend the pleadings and to dismiss the complaint on the grounds of res judicata and statute of limitations is denied; as so modified, the order is affirmed, without costs.
In August 2019, plaintiff commenced this action against defendant "Hertz Co." to recover assigned first-party no-fault benefits for services it rendered to its assignor, who was allegedly injured in an automobile accident on January 26, 2015. In December 2016, "Hertz Vehicles, LLC" brought a declaratory judgment action in the Supreme Court, New York County, against "Blano Medical" and its assignor herein, among other parties, pertaining to the January 26th accident and, subsequently, moved for a default judgment against "Blano Medical" and its assignor. In an order and judgment entered March 4, 2019, the Supreme Court, upon granting the unopposed motion by Hertz Vehicles, LLC, declared that, with respect to the January 26th accident, Hertz Vehicles, LLC was not obligated to pay claims for reimbursement submitted by "Blano Medical" and its assignor. 
By notice of motion returnable in the Civil Court in March 2020, defendant "Hertz Co." moved, pursuant to CPLR 3025 (c), for an order "amending the named defendant in this action to the proper party, 'Hertz Vehicles, LLC,' " and, upon such amendment, for dismissal of the complaint, pursuant to CPLR 3211 (a) (5), on the ground of res judicata, and dismissal of the complaint, pursuant to CPLR 3211 (a) (5) and 214 (2), on the ground that the statute of limitations had expired. Plaintiff cross-moved for summary judgment and opposed defendant's motion. Plaintiff appeals from an order of the Civil Court entered June 14, 2022, which granted [*2]defendant's motion and, in effect, denied plaintiff's cross-motion for summary judgment.
CPLR 3025 (c) provides that "the court may permit pleadings to be amended before or after judgment to conform them to the evidence." Upon a review of the record, we find that the Civil Court improperly exercised its discretion in granting the branch of defendant's motion seeking to amend the pleadings, pursuant to CPLR 3025 (c), since defendant, Hertz Co., failed to proffer any evidence to support the conclusory statement by its claim representative that Hertz Vehicles, LLC is "the proper party" (see Quality Health Supply Corp. v Hertz Co., 68 Misc 3d 131[A], 2020 NY Slip Op 50996[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Consequently, the branch of defendant's motion seeking to amend the caption is denied, and the caption remains as indicated on the August 2019 summons and complaint.
Defendant's motion also sought an order dismissing the complaint pursuant to CPLR 3211 (a) (5) on the ground of res judicata based on the Supreme Court declaratory judgment order and judgment, entered on default, issued in the case of Hertz Vehicles, LLC v Blano Medical, among others. The doctrine of res judicata requires a final adjudication of a claim on the merits and precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913-914 [2016]; Quality Health Supply Corp., 2020 NY Slip Op 50996[U], * 1). As defendant failed to show that the proper defendant here is "Hertz Vehicles, LLC," there was no demonstration that there had been a final adjudication of the present claims on the merits in the Supreme Court action (see Ciraldo, 140 AD3d 912; Matter of Hunter, 4 NY3d 260; Schuylkill Fuel Corp., 250 NY 304; Quality Health Supply Corp., 2020 NY Slip Op 50996[U], *1), and the Civil Court should have denied this branch of defendant's motion.
When a no-fault action is commenced against a self-insurer, the action is subject to the three-year statute of limitations set forth in CPLR 214 (2), as the no-fault benefits are not being sought pursuant to a contract with a private insurer, which carries a six-year statute of limitations (see CPLR 213 [2]), but rather because the liability exists solely due to a statute (see Contact Chiropractic, P.C. v New York City Tr. Auth.,31 NY3d 187, 196-197 [2018]; Greenway Med. Supply Corp. v Repwest Ins. Co., 77 Misc 3d 135[A], 2022 NY Slip Op 51269[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Midwood Total Rehab Med., P.C. v Republic W. Ins. Co.,73 Misc 3d 142[A], 2021 NY Slip Op 51206[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Despite the conclusory and insufficient statement of defendant's claim representative that defendant is self-insured, defendant did not otherwise establish that assertion since the documentation purportedly annexed to its motion papers is either inadmissible (see CPLR 4518 [c]; Nationwide Gen. Ins. Co. v Bates, 130 AD3d 795, 796 [2015]; Adobea v Junel, 114 AD3d 818, 820 [2014]; Benejam v Khan, 78 Misc 3d 123[A], 2023 NY Slip Op 50397[U], *2 [Sup Ct, Queens County 2023]) or is not included in the record on appeal. Therefore, the branch of defendant's motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (5) and 214 (2) on the ground that a three-year statute of limitations had expired is denied.
Furthermore, contrary to plaintiff's contention, we find that it was not entitled to summary judgment as it did not demonstrate, prima facie, that defendant had either failed to timely deny the claims or that the NF-10 denial of claim forms were conclusory, vague or without merit as a [*3]matter of law (see Insurance Law § 5102 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, the Civil Court properly denied plaintiff's cross-motion for summary judgment.
We pass on no other issue.
Accordingly, the order is modified by providing that defendant's motion to amend the pleadings and to dismiss the complaint is denied in its entirety.
BUGGS, J.P., MUNDY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 15, 2023