Horizon P.T. Care, P.C. v Kemper Ins. Co. (2025 NY Slip Op 50823(U))

[*1]

Horizon P.T. Care, P.C. v Kemper Ins. Co.

2025 NY Slip Op 50823(U)

Decided on May 2, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 2, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, MARINA CORA MUNDY, JJ

2023-1016 K C

Horizon P.T. Care, P.C., as Assignee of Ghee, Anthony, Respondent, 
against
Kemper Insurance Company, Appellant. 

Goldberg, Miller & Rubin, P.C. (Zachary Whiting of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybakof counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Keisha Alleyne, J.), dated February 27, 2023. The order, insofar as appealed from, denied defendant's cross-motion for, in effect, summary judgment dismissing the complaint and, upon denying plaintiff's motion for summary judgment, found, in effect pursuant to CPLR 3212 (g), that "[p]laintiff established their prima facie case by timely and properly submitting the bills to the [d]efendant" and limited the issue for trial to "whether the [declaratory judgment order in a Supreme Court action] precludes the instant matter."

ORDERED that the order, insofar as appealed from, is modified by striking so much of the order as, upon denying plaintiff's motion for summary judgment, found, in effect pursuant to CPLR 3212 (g), that "[p]laintiff established their prima facie case by timely and properly submitting the bills to the [d]efendant" and limited the issue for trial to "whether the [declaratory judgment order in a Supreme Court action] precludes the instant matter"; as so modified, the order, insofar as appealed from, is affirmed, without costs.
Horizon P.T. Care, P. C. (Horizon) commenced this action against defendant Kemper Insurance Company to recover assigned first-party no-fault benefits for services rendered to its assignor, Anthony Ghee, for injuries allegedly sustained in a motor vehicle accident on December 31, 2014. In its answer, defendant identified itself as Unitrin Auto & Home Insurance Company (Unitrin). Before Horizon commenced this action, a declaratory judgment action had been commenced in Supreme Court, New York County, by Unitrin, as the sole [*2]plaintiff, against Horizon, other providers, and the assignor herein, Ghee, alleging that each of the providers including, insofar as is relevant here, Horizon, had breached the terms of the insurance policy in question by failing to appear for duly scheduled examinations under oath (EUOs). Upon the failure of both Horizon and Ghee, among others, to appear in the declaratory judgment action, the Supreme Court, in an order entered December 1, 2016, granted an unopposed motion by Unitrin for leave to enter a default judgment against, insofar as is relevant here, Horizon and Ghee, relating to the motor vehicle accident that occurred on December 31, 2014 involving defendant Anthony Ghee. 
Plaintiff moved in the Civil Court action for summary judgment or, in the alternative, for an order pursuant to CPLR 3212 (g) deeming certain facts established for all purposes in this action. Defendant cross-moved for, in effect, summary judgment dismissing the complaint on the ground that the instant action is barred by res judicata by virtue of the order in the declaratory judgment action. By order dated February 27, 2023, the Civil Court (Keisha Alleyne, J.) denied defendant's cross-motion and, upon denying plaintiff's motion for summary judgment, found, in effect, pursuant to CPLR 3212 (g), that "[p]laintiff established their prima facie case by timely and properly submitting the bills to the [d]efendant" and limited the issue for trial to "whether the [declaratory judgment order in the Supreme Court action] precludes the instant matter."
Res judicata, or claim preclusion, is invoked when a party seeks to relitigate a disposition on the merits of claims, or causes of action, arising out of the same transaction or series of transactions which were raised or could have been raised in a prior proceeding between the same parties or those in privity (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304 [1929]; Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912 [2016]; see also Watts v Swiss Bank Corp., 27 NY2d 270 [1970]). In the case at bar, contrary to defendant's contentions on appeal, it failed to proffer sufficient evidence upon its cross-motion to support its assertion that Unitrin is "the proper insurer" (see Quality Health Supply Corp. v Hertz Co., 68 Misc 3d 131[A], 2020 NY Slip Op 50996[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; cf. Healthwise Med. Assoc., P.C. v Nationwide Ins., 77 Misc 3d 133[A], 2022 NY Slip Op 51251[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Parisien v Kemper Ins. Co., 77 Misc 3d 132[A], 2022 NY Slip Op 51240[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). As a result, defendant failed to demonstrate at this juncture that the declaratory judgment action brought by Unitrin, not defendant herein, constitutes "a final adjudication of [the present claims] on the merits" between the same parties (Ciraldo, 140 AD3d at 913; see Matter of Hunter, 4 NY3d 260; Schuylkill Fuel Corp., 250 NY 304). Consequently, defendant's cross-motion for, in effect, summary judgment dismissing the complaint as barred by res judicata was properly denied.
However, defendant correctly argues that the record does not support finding as "incontrovertible" or "established for all purposes in the action" (CPLR 3212 [g]) that "[p]laintiff established their prima facie case by timely and properly submitting the bills to the [d]efendant" and or to limit the issues for trial to "whether the [declaratory judgment order in a Supreme Court action] precludes the instant matter."
We do not consider defendant's argument, raised for the first time on appeal, that the subject action is barred by collateral estoppel (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]). We note, however, that, since Horizon defaulted in appearing in the declaratory [*3]judgment action, the EUO no-show issue was not actually litigated (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]; Parisien v Kemper Ins. Co., 76 Misc 3d 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Accordingly, the order, insofar as appealed from, is modified by striking so much of the order as, upon denying plaintiff's motion for summary judgment, found, in effect pursuant to CPLR 3212 (g), that "[p]laintiff established their prima facie case by timely and properly submitting the bills to the [d]efendant" and limited the issue for trial to "whether the [declaratory judgment order in a Supreme Court action] precludes the instant matter."
BUGGS, J.P., TOUSSAINT and MUNDY, JJ., concur.
ENTER:
Chief Clerk
Decision Date: May 2, 2025