**Longevity Med. Supply, Inc. v Unitrin Auto & Home Ins. Co.**

2025 NY Slip Op 33531(U)

September 11, 2025

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-745381-20/KI

Judge: Javier Ortiz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS PARTS 40 & 41
_____

LONGEVITY MEDICAL SUPPLY, INC.                Index No. <u>CV-745381-20/KI</u>
a/a/o PRYCE, ZACHARY,                          2/27/25 NFA Motion Cal. #<u>18</u>
                                               2/27/25 Regular Motion Cal. #<u>162A</u>
                                               Motion Seq. # <u>1-2</u>
                        Plaintiff,
                                               **<u>DECISION AND ORDER</u>**

                                               Recitation, as required by CPLR 2219(a), of the papers
                                               considered in review of these Motions:
                                               **Papers**
                 -against-                      D's Motion & Supporting Documents................2
                                               P's Cross-Motion & Supporting Documents..3-5, 7-19
                                               D's Affirmation in Opposition.......................6

UNITRIN AUTO & HOME INS. CO.,
                        Defendant.
_____

    Upon the foregoing cited papers, and after oral argument, the Decision/Order on Defendant's motion for summary judgment and Plaintiff's cross-motion for summary judgment, is as follows:

    Both motions are DENIED based on the Appellate Term's recent decision in *Horizon P.T. Care, P.C. v Kemper Ins. Co.*, 86 Misc3d 126(A), 2025 NY Slip Op 50823(U) [App Term, 2d Dept May 2, 2025].

    In its motion, Defendant argues that *res judicata* should apply because a declaratory judgment was issued by The Honorable Tanya R. Kennedy of the New York County Supreme Court in an action entitled *Unitrin Safeguard Insurance Company v Axis PT, P.C.* (Index No. 656140/2019), where one of the named defendants include Longevity Medical Supply, Inc.[1] While Defendant does not move to amend the caption, it argues that Plaintiff sued the wrong entity and that the "proper insurer in this matter" is Unitrin Safeguard Insurance Company, the same insurer identified as the plaintiff in the declaratory judgment matter. (NYSCEF No. 2, Affidavit of Denise Winant.) Defendant's affiant states that the claim number and accident date in the declaratory judgment match those asserted by Plaintiff here. (*Id.*)

    The *Horizon* case in the Appellate Term presented a similar issue as here. The named defendant there, Kemper Insurance Company, argued that it was not the correct insured and that the correct defendant was allegedly Unitrin Auto & Home Insurance Company. (*See Horizon*, 2025 NY Slip Op 50823(U).) The defendant in that action argued that *res judicata* should apply because there was a declaratory judgment action where the "correct" insurer was named. (*Id.*) However, the Appellate Term found that the defendant there "failed to proffer sufficient evidence . . . to support its assertion that Unitrin is 'the proper insurer.'" (*Id., quoting Quality Health Supply Corp. v Hertz Co.*, 68 Misc3d 131[A], 2020 NY Slip Op 50996[U] [App Term, 2d Dept 2020].) Importantly, the Kings County Civil Court decision by The Honorable Keisha Alleyne identifies

_____

[1] The Court notes that Defendant is relying on a superseded declaratory judgment in support of its motion. Justice Kennedy's decision was amended on March 28, 2023 "to reflect the proper claim number for the loss." (*Unitrin Safeguard Ins. Co. v Axis PT, P.C.*, March 28, 2023 Order & Judgment.)

[* 1]

that the affiant in that case is the same affiant as here: Merastar Insurance Company No-Fault claim representative Denise Winant. (*See Horizon P.T. Care P.C. a/a/o Ghee Anthony v Kemper Ins. Co.*, CV-735922-18/KI [Civ Ct, Kings County Feb. 27, 2023]; *compare* NYSCEF No. 2, Affidavit of Denise Winant.)

Justice Alleyne's Decision and Order says as follows:

Defendant fails to move to amend, and the affidavit of Denise Winant is insufficient as she is a claim representative that works for Merastar, a third party vendor/administrator and otherwise does not have the personal knowledge of the practice, procedures and knowledge of the inner workings of the company in the instant case nor the carrier in the Supreme case as she is not a corporate officer or an employee of either Kemper or Unitrin. This Court is applying the reasoning as set forth in *Quality Health Supply Corp. v. Hertz Co.* (2020 NY Slip Op 50996) and *Medcare Supply, Inc. v. Farmers New Century Ins. Co.* (2014 NY Slip Op 51752).

(*Horizon P.T. Care P.C. a/a/o Ghee Anthony v Kemper Ins. Co.*, CV-735922-18/KI [Civ Ct, Kings County Feb. 27, 2023].)

Accordingly, this Court is inclined to follow the Appellate Term's reasoning in *Horizon* that the evidence presented by Defendant here is insufficient for *res judicata* purposes given that the declaratory judgment identifies a different insurer than the named defendant here. The Court will not amend the caption *sua sponte*, as it does not have a sufficient record before it to do so.[2]

As for Plaintiff's cross-motion for summary judgment, the Court finds that Plaintiff has not established its *prima facie* case given that the identity of the correct insurer is in doubt. In addition to Defendant's arguments that Plaintiff named the wrong insurer, the Court notes that the claim form that Plaintiff presents in its cross-motion identifies the insurer's name as Unitrin Advantage Insurance Co (*see* NYSCEF No. 10), which also does not match the named defendant here.

Accordingly, both motions are denied.

This constitutes the Decision and Order of the Court.

Date:   September 11, 2025
Brooklyn, NY

_____
Judge Javier Ortiz
Kings County Civil Court

---

[2] The Court notes that in a 2020 Kings County Civil Court decision by The Honorable Conseulo Mallafre Melendez that involved a defendant seeking similar relief, Justice Melendez did permit amendment of the caption *sua sponte* and found that *res judicata* should apply. (*See Bronx Chiro. Rehab., P.C. v Progressive Ins. Co.*, 69 Misc3d 1071, 2020 NY Slip Op 20275 [Civ Ct, Kings County.) However, in that case, Justice Melendez identified that the affiant was employed by the insurer directly and, importantly, the defendant there "attached to its motion papers a certified copy of the Declaration Page" which identified the correct insurer." (*Id.* at 1072-73.) Accordingly, especially given the recent *Horizon* Appellate Term decision, the Court finds the case at bar to be distinguishable.

[* 2]