## Structural Synergy, P.T., P.C. v State Farm Mut. Auto. Ins. Co.

2026 NY Slip Op 30003(U)

January 6, 2026

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-727929-22

Judge: Sandra E. Roper

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS          PART____40____

_____

STRUCTURAL SYNERGY, P.T., P.C.,

A/A/O LEVONE, BOSTIC,

                              Plaintiff(s),

                                                Index No. CV-727929-22

                                                Motion Cal. # 5,6,32 Motion Seq. #1/2/3

                                                **DECISION AND ORDER**

                                                Recitation, as required by CPLR §2219(a) of the
                                                papers considered in review of this Motion:

                    -against-
                                                **Papers**

                                                P's motion for to dismiss AD…………… 1
                                                P's motion to Compel Discovery's …...………2
                                                D's motion to Amend, SJ and dismiss…………3

STATE FARM MUTUAL AUTOMOBILE
INS. CO.

                              Defendant(s).

_____

      Upon the foregoing cited papers, after oral argument, the Decision/Order on Plaintiff's Motions to dismiss affirmative defenses, to compel discovery responses, and Defendant's motion to amend, for Summary Judgment and to dismiss is as follows:

      ORDERED that Plaintiff's motion to dismiss Defendant's affirmative defenses, pursuant to CPLR 3211(b), is GRANTED to the extent that the following affirmative defenses are stricken: 21, 30, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38,43, 50, 51, 52, 53; and it is further

      ORDERED that Plaintiff's motion to compel disclosure, pursuant to CPLR 3124/3126, is GRANTED; and Defendant shall serve complete and verified responses to Plaintiff's discovery demands within sixty (60) days of this Order; in the event Defendant fails to timely serve complete and verified responses as set forth herein, Defendant may be precluded from offering, using, or relying upon at trial Plaintiff's demands that were not produced within the time directed by this Order; and it is further

      ORDERED that Defendant's motion for summary judgment (CPLR 3212), to amend, and to dismiss is DENIED in its entirety; the branch of Defendant's motion seeking amendment of the caption and/or amendment of the pleadings is DENIED, where Defendant relies upon a declaratory judgment order issued in a separate action involving a different carrier, and Defendant has failed to submit competent proof— including an affidavit from a person with knowledge or other admissible evidence—establishing that the entity referenced in the declaratory judgment action is the proper party to be substituted herein and/or that Plaintiff sued the wrong entity; conclusory assertions are insufficient. *See* Quality Health Supply Corp. v Hertz Co., 68 Misc 3d 131(A), 2020 NY Slip Op 50996(U) (App Term 2d Dep't, 2d, 11th & 13th Jud Dists Aug. 28, 2020)

[* 1]

Additionally, Defendant's reliance upon an uncertified police accident report is rejected, as an uncertified police accident report is inadmissible absent proper certification or other foundational proof establishing admissibility under the business records exception (including CPLR 4518[c] and CPLR 2306), and therefore cannot constitute competent evidence in support of summary judgment. *See* Yassin v Blackman, 188 AD3d 62, 66–67 (2d Dep't 2020).

Defendant having failed to demonstrate entitlement to the relief sought, including summary judgment or dismissal, Defendant's motion is DENIED.

This constitutes the decision and order of the Court.

*The undersigned attorneys certify that upon due diligence none of their firm's papers as pertains to case law associated with this case or this motion, and upon information and belief, none of the associated papers that were drafted post January 1, 2022 used generative artificial intelligence programs.*

Counsel for Plaintiff – Printed Name and Initials:  Richard Rozhik, RR.

Counsel for Defendant – Printed Name and Initials:  Ethan Krantz, EK

| January 6, 2026 | | | | | | | HON. SANDRA E. ROPER | |
|---|---|---|---|---|---|---|---|---|
| **DATE** | | | | | | | | |
| **CHECK ONE:** | | **CASE DISPOSED** | | | X | **NON-FINAL DISPOSITION** | | |
| **MOTION SEQ #1** | | **GRANTED** | | | X | **GRANTED IN PART** | | |
| **MOTION SEQ. #2** | X | **GRANTED** | | **DENIED** | | **GRANTED IN PART** | | **OTHER** |
| **MOTION SEQ #3** | | | X | **DENIED** | | | | |
| **CHECK IF APPROPRIATE:** | | **SETTLE ORDER** | | | | **SUBMIT ORDER** | | **STAY CASE** |
| | | **INCLUDES TRANSFER/REASSIGN** | | | | **FIDUCIARY APPOINTMENT** | | **REFERENCE** |
| **NOTES** | | | | | | | | |

ENETERED - Kings Civil Court
1/7/2026, 10:37:30 AM

[* 2]